**RECORD NO. 12-4813**

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## THOMAS MARSHALL BYRD,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

———————————

**JOINT APPENDIX
Volume I of II
(Pages 1 – 71)**

———————————

| | |
|---|---|
| Mark A. Jones | Randall Stuart Galyon |
| BELL, DAVIS & PITT, PA | OFFICE OF THE |
| 100 North Cherry Street | UNITED STATES ATTORNEY |
| Suite 600 | 101 South Edgeworth Street |
| Winston-Salem, NC 27101 | P. O. Box 1858 |
| (336) 714-4122 | Greensboro, NC 27401 |
| | (336) 333-5351 |
| *Counsel for Appellant* | *Counsel for Appellee* |

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS
## Volume I of II

Page:

Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Indictment
      filed June 27, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Factual Basis
      filed May 30, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Plea Agreement
      filed June 1, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Transcript of Change of Plea
Held Before The Honorable William L. Osteen, Jr.
      on June 1, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Transcript of Sentence
Held Before The Honorable William L. Osteen, Jr.
      on September 11, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Judgment in a Criminal Case
      filed October 5, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

Notice of Appeal
      filed October 12, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

# TABLE OF CONTENTS
## Volume II of II - UNDER SEAL

Page:

Presentence Investigation Report,
With Attachments,
    dated July 27, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

**Attachments:**

Addendum to the Presentence Report
    dated August 29, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

Sentencing Recommendation
    dated July 27, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

APPEAL,CLOSED

# U.S. District Court
## North Carolina Middle District (NCMD)
## CRIMINAL DOCKET FOR CASE #: 1:11–cr–00203–WO–1

Case title: USA v. BYRD et al

Date Filed: 06/27/2011
Date Terminated: 10/05/2012

Assigned to: CHIEF JUDGE
WILLIAM L. OSTEEN JR.

Appeals court case number:
12–4813

**Defendant (1)**

**THOMAS MARSHALL BYRD**
*TERMINATED: 10/05/2012*

represented by

**MARK A. JONES**
BELL DAVIS &PITT, P.A.
POB 21029
WINSTON–SALEM, NC 27120–1029
336–714–4122
Fax: 336–714–4101
Email: mjones@belldavispitt.com

**MICHAEL E. ARCHENBRONN**
POB 30181
WINSTON–SALEM, NC 27130
336–725–1272
Fax: 336–725–9773
Email: salemlawyer@juno.com
*TERMINATED: 04/13/2012*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**TERESA DAWN STEWART**
LAW OFFICE OF TERESA STEWART
868 W. FOURTH ST.
WINSTON–SALEM, NC 27101
336–725–5510
Fax: 336–725–5542
Email: teresa@teresastewart.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

21:846 and 841(b)(1)(A)
Conspiracy to distribute cocaine
base "crack" and cocaine
hydrochloride
(1)

18:924(c)(1)(A)(i) Possess firearm
in futherance of a drug trafficking
crime
(5)

**Disposition**

Two Hundred Sixty–two (262) months
imprisonment; Five (5) years supervised release;
$100 special assessment

Sixty (60) months imprisonment to run
consecutively to the sentence imposed as to Count 1;
Five (5) years supervised release which shall run
concurrently; $100 special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

**-1-**

21:841 (a)(1) and (b) (1)(A)
Possession with intent to distribute
cocaine base"crack"                          Dismissed
(3)

21:841 (a)(1) and (b)(1)(C)
Possession with intent to distribute
cocaine hydrochloride                        Dismissed
(4)

18:922 (g)(1) and 924(a)(2) Felon
in possession of a firearm                   Dismissed
(6)

**Highest Offense Level
(Terminated)**

Felony

**Complaints**                               **Disposition**

None

**Plaintiff**

**USA**                    represented by   **RANDALL STUART GALYON**
                                            U. S. ATTORNEY'S OFFICE
                                            POB 1858
                                            GREENSBORO, NC 27402
                                            336–333–5351
                                            Email: randall.galyon@usdoj.gov
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2011 | 1 | INDICTMENT as to THOMAS MARSHALL BYRD (1) count(s) 1, 3, 4, 5, 6, LEMONN ORLANDO WASHINGTON (2) count(s) 1, 2, 3, 4. (Lapira, Sharon) (Entered: 06/28/2011) |
| 06/28/2011 | 2 | ARREST Warrant Issued in case as to THOMAS MARSHALL BYRD. (Lapira, Sharon) (Entered: 06/28/2011) |
| 04/03/2012 | 11 | SEALED FINANCIAL AFFIDAVIT by THOMAS MARSHALL BYRD (Boden, Barbara) (Entered: 04/03/2012) |
| 04/04/2012 | 13 | CJA 20 Appointment of Attorney MICHAEL E. ARCHENBRONN for THOMAS MARSHALL BYRD. **NOTICE: Pursuant to 18 U.S.C. section 3006A(d)(4), approved CJA voucher forms will be posted to CM/ECF. Appointed counsel is responsible for requesting redactions to information contained within CJA vouchers.** Signed by MAG/JUDGE JOI ELIZABETH PEAKE on 04/03/12. (Attachments: # 1 Work Sheets) (Garrett, Kim) (Entered: 04/04/2012) |
| 04/10/2012 | 14 | NOTICE OF ATTORNEY APPEARANCE: TERESA DAWN STEWART appearing for THOMAS MARSHALL BYRD (STEWART, TERESA) (Entered: 04/10/2012) |
| 04/12/2012 | 15 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to THOMAS MARSHALL BYRD. (GALYON, RANDALL) (Entered: 04/12/2012) |
| 04/12/2012 | 16 | ORDER granting 15 Petition for Writ of Habeas Corpus ad prosequendum as to THOMAS MARSHALL BYRD (1). Writ issued for Arraignment on 4/13/2012 @ 9:30 a.m. in Winston–Salem. Signed by MAG/JUDGE L. PATRICK AULD on 4/12/2012. (Daniel, J) (Entered: 04/12/2012) |

**-2-**

| 04/13/2012 | | Minute Entry for proceedings held before CHIEF JUDGE JAMES A. BEATY, JR:Arraignment as to THOMAS MARSHALL BYRD (1) Count 1,3,4,5,6 held on 4/13/2012. Defendant(s) pleads NOT GUILTY to all charges. Oral Motion by Attorney Michael Archenbronn for leave to Withdraw as Counsel of Record is hereby ALLOWED; Notice of Appearance previously filed by Attorney Teresa Stewart on 4/10/2012. (Special AUSA Nick Matkins; Counsel for defendant Teresa Stewart; Court Reporter Lori Russell) (Kemp, Donita) (Entered: 04/13/2012) |
|---|---|---|
| 04/13/2012 | | Oral Motion by Attorney Michael Archenbronn for leave to Withdraw as Counsel of Record. (Kemp, Donita) (Entered: 04/13/2012) |
| 04/13/2012 | | ORAL ORDER by CHIEF JUDGE JAMES A. BEATY, JR. as to THOMAS MARSHALL BYRD Granting Oral Motion by Attorney Michael Archenbronn for leave to Withdraw as Counsel of Record. (Kemp, Donita) (Entered: 04/13/2012) |
| 04/13/2012 | | Attorney update in case as to THOMAS MARSHALL BYRD. Attorney MICHAEL E. ARCHENBRONN terminated. (Kemp, Donita) (Entered: 04/13/2012) |
| 04/13/2012 | 17 | SCHEDULING ORDER as to THOMAS MARSHALL BYRD Signed by John S. Brubaker, Clerk, U. S. District Court on 3/15/2012. Motions due by April 18, 2012. Responses due by April 25, 2012. Motion Hearing and Plea Changes set for 9:30 a.m., May 7, 2012, in Greensboro, N.C. Plea Agreements due no later than 12:00 noon, May 3, 2012. Jury Trial set for 9:30 a.m., May 14, 2012, in Greensboro, N.C. (Kemp, Donita) (Entered: 04/13/2012) |
| 04/18/2012 | 19 | ARREST Warrant Returned Executed on 4/13/2012 in case as to THOMAS MARSHALL BYRD. (Daniel, J) (Entered: 04/18/2012) |
| 04/18/2012 | 20 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to THOMAS MARSHALL BYRD on 4/13/2012. (Daniel, J) (Entered: 04/18/2012) |
| 05/07/2012 | 23 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to THOMAS MARSHALL BYRD. (GALYON, RANDALL) (Entered: 05/07/2012) |
| 05/07/2012 | 24 | ORDER granting 23 Petition for Writ of Habeas Corpus ad prosequendum as to THOMAS MARSHALL BYRD (1). Writ issued for change of plea on 5/9/2012 at 2:00 p.m. in Greensboro. Signed by MAG/JUDGE L. PATRICK AULD on 5/7/2012. (Daniel, J) (Entered: 05/07/2012) |
| 05/07/2012 | 25 | First MOTION to Continue Trial by THOMAS MARSHALL BYRD. Responses due by 6/1/2012 Responses due by 5/21/2012 (Attachments: # 1 Text of Proposed Order)(STEWART, TERESA) (Entered: 05/07/2012) |
| 05/07/2012 | | Motion Submission as to THOMAS MARSHALL BYRD re 25 First MOTION to Continue Trial to JUDGE WILLIAM L. OSTEEN JR. (Welch, Kelly) (Entered: 05/07/2012) |
| 05/09/2012 | 26 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to THOMAS MARSHALL BYRD on 05/09/2012. (Garland, Leah) (Entered: 05/09/2012) |
| 05/09/2012 | | Minute Entry for proceedings held before JUDGE WILLIAM L. OSTEEN JR. in G−3: Motion Hearing as to THOMAS MARSHALL BYRD held on 5/9/2012 re 25 First MOTION to Continue Trial filed by THOMAS MARSHALL BYRD. AUSA Hamilton and Attorney Stewart present. For reasons stated in open court, the motion to continue is denied. The Court extends the deadline for filing pretrial motions to 5/23/2012, and responses due 5/30/2012. Case set for trial 6/11/2012. Written Order forthcoming. (Court Reporter Joseph Armstrong.) (Welch, Kelly) (Entered: 05/09/2012) |
| 05/17/2012 | | Motion No Longer Submitted to JUDGE WILLIAM L. OSTEEN JR., as to THOMAS MARSHALL BYRD re: 25 First MOTION to Continue Trial. (Sheets, Jamie) (Entered: 05/17/2012) |
| 05/17/2012 | 27 | ORDER as to THOMAS MARSHALL BYRD (1) signed by JUDGE WILLIAM L. OSTEEN JR. on 5/17/2012; that Defendant's motion is **DENIED**. The court will not continue this case from the May 2012 calendar and will call the case for trial on June 11, 2012. FURTHER, that the time for filing motions is continued to May 23, 2012. The time for responding to motions is continued to May 30, 2012. |

| | | |
|---|---|---|
| | | FURTHER, that the period of time from May 14, 2012, up to and including June 11, 2012, be and is hereby excluded pursuant to 18:3161. (Sheets, Jamie) (Entered: 05/17/2012) |
| 05/30/2012 | 30 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to THOMAS MARSHALL BYRD. (GALYON, RANDALL) (Entered: 05/30/2012) |
| 05/30/2012 | 31 | ORDER granting 30 Petition for Writ of Habeas Corpus ad prosequendum as to THOMAS MARSHALL BYRD (1). Writ issued for Change of Plea on 6/1/2012 at 9:30 a.m. in Greensboro. Signed by MAG/JUDGE L. PATRICK AULD on 5/30/2012. (Sheets, Jamie) (Entered: 05/30/2012) |
| 05/30/2012 | 32 | Factual Basis Document as to THOMAS MARSHALL BYRD filed on 5/30/2012 (GALYON, RANDALL) (Entered: 05/30/2012) |
| 06/01/2012 | 33 | PLEA AGREEMENT as to THOMAS MARSHALL BYRD (Welch, Kelly) (Entered: 06/01/2012) |
| 06/01/2012 | | Minute Entry for proceedings held before JUDGE WILLIAM L. OSTEEN JR. in G–3: CHANGE OF PLEA HEARING held on 6/1/2012. AUSA DeFranco and Attorney Stewart present. Defendant present in custody. Defendant placed under oath and advised of rights/charges/penalties; Court reviews the plea agreement; THOMAS MARSHALL BYRD (1) pleads GUILTY to Object 1 of Count 1 and to Count 5. Remaining Counts to be dismissed at sentencing. Court finds the Defendant is competent to enter a guilty plea and Defendant ADJUDGED Guilty; Court orders the preparation of a Presentence Report. Sentencing set for 9/11/2012 02:00 PM in Greensboro Courtroom #1 before JUDGE WILLIAM L. OSTEEN JR. (Court Reporter Joseph Armstrong.) (Welch, Kelly) (Entered: 06/01/2012) |
| 06/01/2012 | | Case as to THOMAS MARSHALL BYRD reassigned to JUDGE WILLIAM L. OSTEEN JR. Judge UNASSIGNED no longer assigned to the case. (Welch, Kelly) (Entered: 06/01/2012) |
| 06/04/2012 | 34 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to THOMAS MARSHALL BYRD on 05/01/2012. (Garland, Leah) (Entered: 06/04/2012) |
| 09/07/2012 | 36 | PETITION for Writ of Habeas Corpus ad prosequendum by USA as to THOMAS MARSHALL BYRD. (GALYON, RANDALL) (Entered: 09/07/2012) |
| 09/07/2012 | 37 | ORDER signed by MAG/JUDGE L. PATRICK AULD on 9/7/2012 granting 36 Motion for Writ of Habeas Corpus ad prosequendum as to THOMAS MARSHALL BYRD (1). Writ issued for Sentencing on 9/11/2012 at 2:00 p.m. in Greensboro. (Sheets, Jamie) (Entered: 09/07/2012) |
| 09/10/2012 | 39 | MOTION for Extension of Time to File *Objections* by THOMAS MARSHALL BYRD. (Attachments: # 1 Text of Proposed Order)(STEWART, TERESA) (Entered: 09/10/2012) |
| 09/10/2012 | | Motion Submission as to THOMAS MARSHALL BYRD re 39 MOTION for Extension of Time to File *Objections* to JUDGE WILLIAM L. OSTEEN JR. (Welch, Kelly) (Entered: 09/10/2012) |
| 09/11/2012 | | Minute Entry for proceedings held before JUDGE WILLIAM L. OSTEEN JR.: Sentencing as to THOMAS MARSHALL BYRD (1) held on 9/11/2012 for Counts 1 Object 1, 5. Counts 1 Object 2, 3–6, DISMISSED. AUSA Galyon appeared for the Government and Teresa Stewart, Esq. appeared for the Defendant. (Court Reporter Joe Armstrong.) (Solomon, Dianne) (Entered: 09/11/2012) |
| 09/13/2012 | 40 | Writ of Habeas Corpus ad Prosequendum Returned Executed on 9/11/2012 in case as to THOMAS MARSHALL BYRD. (Sheets, Jamie) (Entered: 09/13/2012) |
| 10/05/2012 | 41 | JUDGMENT as to THOMAS MARSHALL BYRD (1), Count(s) 1 (object 1), Two Hundred Sixty–two (262) months imprisonment; Five (5) years supervised release; $100 special assessment; Count(s) 5, Sixty (60) months imprisonment to run consecutively to the sentence imposed as to Count 1; Five (5) years supervised release which shall run concurrently; $100 special assessment; Count(s) 1 (object 2), 3, 4, 6, Dismissed. Signed by JUDGE WILLIAM L. OSTEEN JR. on 10/5/2012. (Sheets, Jamie) (Entered: 10/05/2012) |

**-4-**

| 10/12/2012 | 42 | NOTICE OF APPEAL without payment of fees by THOMAS MARSHALL BYRD re 41 Judgment, (STEWART, TERESA) (Entered: 10/12/2012) |
|---|---|---|
| 10/15/2012 | 44 | Transmission of Notice of Appeal and Docket Sheet as to THOMAS MARSHALL BYRD to US Court of Appeals re 42 Notice of Appeal Without Fee Payment. (Sheets, Jamie) (Entered: 10/15/2012) |
| 10/15/2012 | 45 | NOTICE of Docketing Record on Appeal from USCA as to THOMAS MARSHALL BYRD re 42 Notice of Appeal Without Fee Payment filed by THOMAS MARSHALL BYRD. USCA Case Manager: Donna Lett. USCA Case Number 12–4813. (Sheets, Jamie) (Entered: 10/16/2012) |
| 11/20/2012 | 46 | USCA ORDER as to THOMAS MARSHALL BYRD appointing MARK A. JONES to represent appellant on appeal. USCA Case Number 12–4813. (Sheets, Jamie) (Entered: 11/20/2012) |
| 11/21/2012 | 47 | NOTICE OF ATTORNEY APPEARANCE: MARK A. JONES appearing for THOMAS MARSHALL BYRD *to obtain presentence report and setencing position papers for pending appeal.* (JONES, MARK) (Entered: 11/21/2012) |
| 11/21/2012 | 48 | MOTION to Produce *presentence report and sentencing position papers* by THOMAS MARSHALL BYRD. (Attachments: # 1 Text of Proposed Order)(JONES, MARK) (Entered: 11/21/2012) |
| 11/23/2012 | | Motion Submission as to THOMAS MARSHALL BYRD re 48 MOTION to Produce *presentence report and sentencing position papers* to CHIEF JUDGE WILLIAM L. OSTEEN JR. (Welch, Kelly) (Entered: 11/23/2012) |
| 11/27/2012 | 49 | ORDER signed by CHIEF JUDGE WILLIAM L. OSTEEN JR. on 11/27/2012; that the motion (Doc. 48 ) is **GRANTED** and that a copy of the presentence report and sentencing documents may be disclosed to attorney Mark A. Jones for use in the preparation of Defendants appeal. (Sheets, Jamie) (Entered: 11/27/2012) |
| 11/27/2012 | 50 | CJA 24 as to THOMAS MARSHALL BYRD: Authorization to Produce Transcript of Change of Plea Hearing held 6/1/2012 and Sentencing 9/11/2012. Court Reporter: Joe Armstrong. Signed by CHIEF JUDGE WILLIAM L. OSTEEN JR. on 11/27/2012. (Sheets, Jamie) (Entered: 11/27/2012) |
| 01/02/2013 | 53 | TRANSCRIPT filed for dates of 06/01/2012, before Judge William L. Osteen, Jr., re Change of Plea Hearing,, Court Reporter J. Armstrong, Telephone number 336–332–6034. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? n <br><br> Redaction Request due 1/28/2013. Redacted Transcript Deadline set for 2/7/2013. Release of Transcript Restriction set for 4/5/2013. (Armstrong, Joe) (Entered: 01/02/2013) |
| 01/02/2013 | 54 | TRANSCRIPT filed for dates of 09/11/2012, before Judge William L. Osteen, Jr., re Sentencing, Court Reporter J. Armstrong, Telephone number 336–332–6034. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have 5 business days to file a Notice of Intent to Request Redaction and 21 calendar days to file a Redaction Request. If no notice is filed, this transcript will be made electronically available to the public without redaction after 90 calendar days. Transcript may be viewed at the court public terminal or purchased through the court reporter before the 90 day deadline. After that date it may be obtained through PACER.**<P> Does this satisfy all appellate orders for this reporter? y <br><br> Redaction Request due 1/28/2013. Redacted Transcript Deadline set for 2/7/2013. Release of Transcript Restriction set for 4/5/2013. (Armstrong, Joe) (Entered: 01/02/2013) |

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
JUN 27 2011
IN THIS OFFICE
CLERK U.S. DISTRICT COURT
GREENSBORO, NC
BY _____

UNITED STATES OF AMERICA        :
                                :
              v.                :
                                :
THOMAS MARSHALL BYRD            :        1:11CR203 -1
LEMONN ORLANDO WASHINGTON       :        1:11CR203 -2

The Grand Jury charges:

COUNT ONE

From in or about 2009, continuing up to and including April 1, 2010, the exact dates to the Grand Jurors unknown, in the County of Forsyth, in the Middle District of North Carolina, and elsewhere, THOMAS MARSHALL BYRD, LEMONN ORLANDO WASHINGTON, and divers other persons, known and unknown to the Grand Jurors, knowingly and intentionally did unlawfully conspire, combine, confederate and agree together and with each other to commit offenses against the laws of the United States, that is:

1.    To knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1); and

2.    To knowingly, intentionally and unlawfully distribute quantities of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section

812, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

### COUNT TWO

On or about March 31, 2010, in the County of Forsyth, in the Middle District of North Carolina, LEMONN ORLANDO WASHINGTON willfully, knowingly and intentionally did unlawfully possess with intent to distribute 83.6 grams (net weight) of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT THREE

On or about April 1, 2010, in the County of Forsyth, in the Middle District of North Carolina, THOMAS MARSHALL BYRD and LEMONN ORLANDO WASHINGTON willfully, knowingly and intentionally did unlawfully possess with intent to distribute 137.6 grams (net weight) of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

### COUNT FOUR

On or about April 1, 2010, in the County of Forsyth, in the Middle District of North Carolina, THOMAS MARSHALL BYRD and LEMONN

2

ORLANDO WASHINGTON willfully, knowingly and intentionally did unlawfully possess with intent to distribute 252.0 grams (net weight) of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II, controlled substance within the meaning of Title 21, United States Code, Section 812; in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about April 1, 2010, in the County of Forsyth, in the Middle District of North Carolina, THOMAS MARSHALL BYRD, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, possession with intent to deliver cocaine base ("crack") and cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(a)(1), did knowingly possess a firearm, that is, a Taurus .38 caliber revolver, model 85, serial number G164370; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT SIX

On or about April 1, 2010, in the County of Forsyth, in the Middle District of North Carolina, THOMAS MARSHALL BYRD, having been convicted on June 12, 2003, in the Superior Court of Forsyth County, Winston-Salem, North Carolina, of crimes punishable by imprisonment for a term exceeding one year, that is, possession with intent to manufacture, sell, and deliver cocaine and possession with intent to manufacture, sell, and deliver marijuana; and having been convicted on March 7, 2000, in the Superior Court

3

of Forsyth County, Winston-Salem, North Carolina, of crimes punishable by imprisonment for a term exceeding one year, that is, sale of cocaine and possession with intent to manufacture, sell and deliver cocaine, knowingly did possess in commerce and affecting commerce a firearm, that is, a Taurus .38 caliber revolver, model 85, serial number G164370; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A TRUE BILL:


FOREPERSON


RANDALL S. GALYON
ASSISTANT UNITED STATES ATTORNEY


RIPLEY RAND
UNITED STATES ATTORNEY


4

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA          :
                                  :
          v.                      :          1:11CR203-1
                                  :
THOMAS MARSHALL BYRD              :

FACTUAL BASIS

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and as a factual basis under Rule 11, Federal Rules of Criminal Procedure, states the following:

On March 31, 2010, as the result of a traffic stop and a subsequent search warrant that was executed at 945 East 2nd Street, Winston-Salem, North Carolina, the Winston-Salem Police Department (WSPD) seized a quantity of cocaine hydrochloride, crack cocaine, and two (2) firearms.

On March 31, 2010, WSPD Officer B. E. Wenzel received information from a confidential source that "Pooh" would be delivering a quantity of cocaine hydrochloride to the 1800 block of Kentucky Avenue.  Officers conducted a traffic stop of a gray Volkswagen station wagon driven by James Stowe.  Lemonn Orlando Washington, also known as "Pooh," was located in the passenger seat during the stop, Washington was frisked and a large bulge was felt in his pants pocket.  When asked about the bulge, Washington replied that it was "drugs."  Officers retrieved the

white powdery substance from Washington's pants pocket which later field tested positive for the presence of cocaine. According to the North Carolina State Bureau of Investigation laboratory report, the substance was 83.6 grams (net weight) of cocaine hydrochloride. Also located on Washington's person was approximately $723 in United States currency.

Mr. Stowe was interviewed and he advised officers that Washington had called him; that he had picked him up in front of 945 East 2nd Street; and that he had then taken him to Kentucky Avenue. The confidential source had already told officers that "Pooh" was known to stay at 945 East 2nd Street, and during surveillance of this location, officers had observed a burgundy and black Dodge Magnum parked in front of that location. During the traffic stop of the Volkswagen, officers observed the same Dodge Magnum drive by their location and then return to 945 East 2nd Street. Officers approached the driver of this vehicle, who was identified as THOMAS MARSHALL BYRD (Defendant BYRD). Defendant BYRD was advised that officers were conducting a narcotics investigation. During a frisk of Defendant BYRD, a bag of marijuana was located in his pocket. As additional officers approached that apartment, Defendant BYRD lunged for his cellular phone then began yelling at an occupant that was looking out of the window of 945 East 2nd Street, Apt B. The occupant of the apartment was identified as Jonay Howard. Based on officers

2

**-11-**

interaction with Ms. Howard and the totality of the facts of the investigation, officers decided to secure the apartment in order to obtain a search warrant. After obtaining a search warrant for the apartment, officers located a quantity of cocaine hydrochloride, cocaine base, two firearms, drug paraphernalia and numerous items that had cocaine residue on them which were used in the production of crack cocaine. One of the firearms, a Taurus .38 caliber revolver, serial number G164370, was found in a kitchen drawer. The other firearm, a two-shot Panzer .22 caliber Derringer, was located in a bedroom. According to the North Carolina State Bureau of Investigation laboratory report, the substance seized from the residence was 252.0 grams (net weight) of cocaine hydrochloride and 137.6 grams (net weight) of cocaine base.

During this investigation, WSPD Officer C. A. Luper read to Jonay Howard her Miranda Rights which she waived. Ms. Howard advised that she lived in the apartment by herself but that Defendant BYRD (her cousin) had been to her apartment that day. Regarding the cocaine that was located within her residence, she advised that it was not hers. When asked if she knew that someone had been cooking crack cocaine in her kitchen, Ms. Howard said that she did not know about that because she had been asleep. When asked how she could not hear the blender and the pots and pans in the kitchen, Ms. Howard just smiled at the

3

officers.  Later when asked again to whom the drugs belonged, Ms. Howard advised that the drugs were not hers but that she would not say to whom they belonged but that they (police) already knew who they belonged to.  Regarding the firearms located in the residence, Ms. Howard advised that she had a 2-shot Derringer which was located in a purse in the bedroom.  She advised that there should not be any other firearms in the residence.  Ms. Howard further advised that she would take the charge for the guns in the residence, but when asked to describe the second gun, she could not.  She claimed that the second gun was not hers but she would take it (meaning the charge).

      In a subsequent statement, Ms. Howard admitted that Defendant BYRD had paid the rent for Ms. Howard's previous apartment in return for the use of the apartment to cook cocaine into crack cocaine.  She stated that the .38 revolver found in the kitchen had been brought to her previous residence by Defendant BYRD.  Ms. Howard admitted that Defendant BYRD had a key to her residence at 945 East 2nd Street, Apartment B. According to Ms. Howard, Washington and Defendant BYRD worked together in the drug business and they had brought nine (9) ounce quantities of powder cocaine to her previous residence in Piedmont Circle on several occasions in 2009 to cook into crack cocaine.

4

**-13-**

This the 30th day of May, 2012.

                        Respectfully submitted,

                        RIPLEY RAND
                        UNITED STATES ATTORNEY


                        /S/ RANDALL S. GALYON
                        Assistant United States Attorney
                        NCSB #23119
                        United States Attorney's Office
                        Middle District of North Carolina
                        251 N. Main Street
                        Winston-Salem, NC  27101
                        Phone:  336/631-5268
                        E-mail: randall.galyon@usdoj.gov

5

**-14-**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Teresa D. Stewart, Esquire.


/S/ RANDALL S. GALYON
Assistant United States Attorney
NCSB #23119
United States Attorney's Office
Middle District of North Carolina
251 N. Main Street
Winston-Salem, NC  27101
Phone:  336/631-5268
E-mail: randall.galyon@usdoj.gov

6

**-15-**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
JUN - 1 2012
IN THIS OFFICE
Clerk, U. S. District Court
Greensboro, N. C.
BY _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:11CR203-1 |
| v. | : | |
| THOMAS MARSHALL BYRD | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through
Ripley Rand, United States Attorney for the Middle District of
North Carolina, and the defendant, THOMAS MARSHALL BYRD, in his
own person and through his attorney, Teresa D. Stewart, and state
as follows:

1.  The defendant, THOMAS MARSHALL BYRD, is presently under
Indictment in case number 1:11CR203-1, which in Count One charges
him with a violation of Title 21, United States Code, Sections
846 and 841(b)(1)(A), as to object one, conspiracy to distribute
50 grams or more of a mixture and substance containing a
detectable amount of cocaine base ("crack"), and as to object
two, conspiracy to distribute quantities of a mixture and
substance containing a detectable amount of cocaine
hydrochloride; Count Three charges him with a violation of Title
21, United States Code, Section 841(a)(1) and (b)(1)(A),
possession with intent to distribute 137.6 grams of a mixture and
substance containing a detectable amount of cocaine base
("crack"); Count Four charges him with a violation of Title 21,
United States Code, Section 841(a)(1) and (b)(1)(A), possession
with intent to distribute 252.0 grams of a mixture and substance
containing a detectable amount of cocaine hydrochloride; Count

**-16-**

Five charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime; and Count Six charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), felon in possession of a firearm.

2. The defendant, THOMAS MARSHALL BYRD, will enter a voluntary plea of guilty to object one of Count One and Count Five of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, THOMAS MARSHALL BYRD, understands as to object one of Count One of the Indictment that he shall be sentenced to a term of imprisonment of not less than ten years, or more than life, a fine not to exceed $10,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

b. The defendant, THOMAS MARSHALL BYRD, understands that the statutory penalty for Count Five of the Indictment provides that he shall be sentenced to imprisonment for not less than five years; that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. Defendant, THOMAS MARSHALL BYRD, further understands that the maximum fine for Count Five of

2

the Indictment is $250,000.  The fine is subject to the

provisions of Title 18, United States Code, Section 3571,

entitled "Sentence of Fine."

     c.  The defendant, THOMAS MARSHALL BYRD, also

understands that as to Count Five of the Indictment the Court may

include as a part of the sentence a requirement that the

defendant be placed on a term of supervised release of not more

than five years after imprisonment, pursuant to Title 18, United

States Code, Section 3583.

     d.  The defendant, THOMAS MARSHALL BYRD, further

understands that the sentence to be imposed upon him is within

the discretion of the sentencing Court subject to the statutory

maximum and mandatory minimum penalties set forth above.  The

sentencing Court is not bound by the sentencing range prescribed

by the United States Sentencing Guidelines.  Nevertheless, the

sentencing Court is required to consult the Guidelines and take

them into account when sentencing.  In so doing, the sentencing

Court will first calculate, after making the appropriate findings

of fact, the sentencing range prescribed by the Guidelines, and

then will consider that range as well as other relevant factors

set forth in the Guidelines and those factors set forth in

Title 18, United States Code, Section 3553(a) before imposing the

sentence.

     e.  The defendant, THOMAS MARSHALL BYRD, understands

that if he is not a citizen of the United States that entering a

plea of guilty may have adverse consequences with respect to his

immigration status.  The defendant, THOMAS MARSHALL BYRD,

nevertheless wishes to enter a voluntary plea of guilty

regardless of any immigration consequences his guilty plea might

entail, even if such consequence might include automatic removal

and possibly permanent exclusion from the United States.

3.  By voluntarily pleading guilty to object one of Count

One and Count Five of the Indictment herein, the defendant,

THOMAS MARSHALL BYRD, knowingly waives and gives up his

constitutional rights to plead not guilty, to compel the United

States to prove his guilt beyond a reasonable doubt, not to be

compelled to incriminate himself, to confront and cross-examine

the witnesses against him, to have a jury or judge determine his

guilt on the evidence presented, and other constitutional rights

which attend a defendant on trial in a criminal case.

4.  The defendant, THOMAS MARSHALL BYRD, is going to plead

guilty to object one of Count One and Count Five of the

Indictment herein because he is, in fact, guilty and not because

of any threats or promises.

5.  The extent of the plea bargaining in this case is as

follows:

a.  Upon the acceptance by the Court of a guilty plea

by the defendant, THOMAS MARSHALL BYRD, to object one of Count

One and Count Five of the Indictment herein, and at the

conclusion of the sentencing hearing thereon, the United States

will not oppose a motion to dismiss the remaining counts and

object two of Count One of the Indictment as to the defendant,

4

THOMAS MARSHALL BYRD.   This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b.   The defendant, THOMAS MARSHALL BYRD, agrees that the substance involved in the offense alleged in object one of Count One of the Indictment for which he is accountable is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine base ("crack").

c.   It is further understood that if the Court determines at the time of sentencing that the defendant, THOMAS MARSHALL BYRD, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.   It is further understood that the Court is not bound by this recommendation.

d.   It is further agreed by and between the United States and the defendant, THOMAS MARSHALL BYRD, that, in exchange for the Government not filing an Information of Prior Conviction for his conviction of sell cocaine and possess with intent to manufacture, sell and deliver cocaine on March 7, 2000, the defendant, THOMAS MARSHALL BYRD, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United

5

States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6.    It is further understood that the United States and the defendant, THOMAS MARSHALL BYRD, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7.    The defendant, THOMAS MARSHALL BYRD, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty.  This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

<center>6</center>

<center>**-21-**</center>

8.  No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 23rd day of May, 2012.

RIPLEY RAND
United States Attorney

TERESA D. STEWART
Attorney for Defendant


RANDALL S. GALYON
NCSB #23119
Assistant United States Attorney

THOMAS MARSHALL BYRD
Defendant

P. O. Box 1858
Greensboro, NC  27402

336/333-5351

7

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 MIDDLE DISTRICT OF NORTH CAROLINA

 3
    UNITED STATES OF AMERICA     )
 4                               )  Case No. 1:11CR203-1
        vs.                      )
 5                               )  Greensboro, North Carolina
    THOMAS MARSHALL BYRD,        )
 6                               )  June 1, 2012
        Defendant.               )
 7    _____)  9:38 a.m.

 8

 9                TRANSCRIPT OF CHANGE OF PLEA

10          BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.

11                 UNITED STATES DISTRICT JUDGE

12
    APPEARANCES:
13
    For the Government:  MICHAEL DEFRANCO, AUSA
14                       Office of the U.S. Attorney
                         101 S. Edgeworth Street, 4th Floor
15                       Greensboro, North Carolina 27401

16

17  For the Defendant:   TERESA DAWN STEWART, ESQUIRE
                         Law Office of Teresa Stewart
18                       868 W. Fourth St.
                         Winston-Salem, NC 27101
19

20
    Court Reporter:      Joseph B. Armstrong, RMR, FCRR
21                       324 W. Market, Room 101
                         Greensboro, NC  27401
22

23

24           Proceedings reported by stenotype reporter.
          Transcript produced by Computer-Aided Transcription.
25
```

US v. Byrd - Change of Plea - June 1, 2012

**-23-**

```
 1            Greensboro, North Carolina

 2            June 1, 2012

 3            (At 9:38 a.m., proceedings commenced.)

 4            THE COURT:  All right.  Good morning,

 5   Mr. DeFranco.

 6            MR. DeFRANCO:  Good morning, Your Honor.

 7            THE COURT:  You may proceed.

 8            MR. DeFRANCO:  Your Honor, the first matter is on

 9   for a change of plea, United States of America versus Thomas

10   Marshall Byrd, 1:11CR203-1.  The defendant is represented by

11   Teresa Stewart, Your Honor.

12            THE COURT:  Good morning, Ms. Stewart.

13            MS. STEWART:  Good morning, Your Honor.

14            THE COURT:  Are you and Mr. Byrd ready to proceed

15   this morning?

16            MS. STEWART:  Yes, Your Honor.

17            THE COURT:  All right.  I'm going to note at the

18   outset I have looked at the plea agreement, Mr. DeFranco.  I

19   don't know what your position will be on this, but this

20   indictment charges and the defendant will be pleading to a

21   pre -- looks like a pre-Fair Sentencing Act offense.

22            MR. DeFRANCO:  Yes, Your Honor.

23            THE COURT:  And I previously held that the Fair

24   Sentencing Act is not to be retroactively applied.  I think

25   different judges have held it different ways.  So my
```

US v. Byrd - Change of Plea - June 1, 2012

**-24-**

1   intention at this hearing would be to advise the defendant

2   of the penalties as set forth in the plea agreement, which I

3   think are the old penalties, not less than 10 or more than

4   life as to Object One of Count One.

5          But presently pending now in the Supreme Court is

6   *Dorsey* or one of the Seventh Circuit cases that's going to

7   resolve that issue as to whether or not the Fair Sentencing

8   Act statutory penalties are to be applied retroactively;

9   and, ultimately, I certainly will apply what ever's held by

10  the Supreme Court to Mr. Byrd's case.  So if they say the

11  penalties apply retroactively, then the lower statutory

12  penalties that are set out in the Fair Sentencing Act would

13  be applied to Mr. Byrd's case.  If they hold that it does

14  not, then the penalties I think -- the penalties I'll be

15  advising Mr. Byrd of today will be the ones that will apply.

16         Any disagreement on that at this point?

17         MR. DeFRANCO:  No, Your Honor.

18         MS. STEWART:  No, Your Honor.

19         THE COURT:  All right.  Then in that case,

20  Ms. Stewart, have you had enough time to review the

21  Government's agency file?

22         MS. STEWART:  Yes, Your Honor.

23         THE COURT:  And do you believe Mr. Byrd

24  understands the charges and the nature of this hearing?

25         MS. STEWART:  Yes, Your Honor.

4

```
1              THE COURT:  And is it his intention to enter a
2   plea of guilty here this morning?
3              MS. STEWART:  Yes, Your Honor.
4              THE COURT:  Has anyone made any threats or
5   promises to Mr. Byrd to induce his plea of guilty other than
6   those contained in the plea agreement?
7              MS. STEWART:  No.
8              THE COURT:  And is it your recommendation that I
9   accept his plea of guilty?
10             MS. STEWART:  Yes, Your Honor.
11             THE COURT:  Mr. Byrd, I'm going to ask Ms. Welch
12  to administer the oath to you at this time.
13             (Defendant sworn by the clerk.)
14             THE COURT:  Mr. Byrd, you are now under oath; and
15  because you're under oath, if you answer any of my questions
16  falsely, those answers may later be used against you in a
17  separate prosecution for perjury or making a false
18  statement.  Do you understand that?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Would you state your full name,
21  please, sir?
22             THE DEFENDANT:  Thomas Marshall Byrd.
23             THE COURT:  And how old are you, Mr. Byrd?
24             THE DEFENDANT:  Twenty-nine.
25             THE COURT:  How far did you go in school?
```

1            THE DEFENDANT:  Tenth grade.

2            THE COURT:  And are you able to read and

3  understand the indictment and the plea agreement in this

4  case?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  And have you been treated recently for

7  any mental illness or addiction to narcotic drugs?

8            THE DEFENDANT:  No, sir.

9            THE COURT:  Are you currently under the influence

10  of any drug, medication, or alcoholic beverage of any kind?

11            THE DEFENDANT:  No, sir.

12            THE COURT:  And are you able to hear me and

13  understand this proceeding?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  Have you received a copy of the

16  indictment and reviewed it with Ms. Stewart?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  Do you understand the indictment and

19  the charges against you?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  And have you fully discussed the

22  charges contained in the indictment and the case in general

23  with Ms. Stewart?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  And have you and Ms. Stewart discussed

US v. Byrd - Change of Plea - June 1, 2012

1  any possible defenses you might have to these charges?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Are you fully satisfied with the

4  services of Ms. Stewart and her counsel, representation, and

5  advice?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  In your case, Mr. Byrd, a written plea

8  agreement has been filed that on page 7 appears to have the

9  signature of Thomas Marshall Byrd.  Is that your signature?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Ms. Stewart, as I understand

12  Mr. Byrd's plea agreement, he is agreeing to enter a

13  voluntary plea of guilty to the offenses charged in Object

14  One of Count One and to Count Five of the indictment.

15          In exchange for his plea of guilty, the United

16  States has agreed to not oppose a motion to dismiss any

17  remaining counts at the time of sentencing.

18          The United States has agreed to recommend Mr. Byrd

19  for a reduction in his offense level pursuant to Section

20  3E1.1(b) of the sentencing guidelines if he otherwise

21  qualifies.

22          And Mr. Byrd has further agreed that the substance

23  involved in the offense alleged in Object One of Count One

24  is 5 kilograms or more of a mixture and substance containing

25  a detectable amount of cocaine base, or crack.

US v. Byrd - Change of Plea - June 1, 2012

**-28-**

1           Finally, in exchange for the Government's

2   agreement to not file an information of prior conviction in

3   Mr. Byrd's case, he is waiving his right to appeal the

4   conviction and sentence imposed and also to challenge the

5   conviction and sentence in any post conviction proceeding

6   except for the four exceptions that are listed in the plea

7   agreement.

8           Is that your understanding of Mr. Byrd's plea

9   agreement in this case?

10          MS. STEWART:  Yes, Your Honor.

11          THE COURT:  And does this plea agreement contain

12  all the terms and conditions of Mr. Byrd's agreement with

13  the United States?

14          MS. STEWART:  Yes, Your Honor.

15          THE COURT:  Mr. Byrd, is my summery of the plea

16  agreement the same as your understanding of the terms of

17  your plea?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  And have you had enough time to review

20  the plea agreement and discuss it with Ms. Stewart?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand all of the terms of

23  your plea agreement?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Does this plea agreement represent the

US v. Byrd - Change of Plea - June 1, 2012

**-29-**

1  entire agreement between you and the United States in this
2  case?
3      THE DEFENDANT:  Yes, sir.
4      THE COURT:  Mr. Byrd, the provisions of your plea
5  agreement that I just mentioned, I do want to speak with you
6  in a little more detail about those provisions.
7      First of all, you are stipulating or have
8  stipulated with the United States that the substance
9  involved in the offense charged in Object One of Count One
10 of the plea agreement -- or excuse me -- of the Indictment
11 is 5 kilograms or more of a mixture and substance containing
12 a detectable amount of cocaine -- let's see -- cocaine base,
13 or crack.  The type and quantity of substance involved in
14 the offense of conviction is a very significant factor in a
15 case.  It determines first the statutory penalties, both the
16 mandatory minimum and maximum penalty that will apply upon
17 conviction in this case; it is a significant factor in
18 determining the advisory guideline calculation; and it can
19 also be a factor in determining a sentence under 18 USC
20 Section 3553.  Do you understand all of that?
21     THE DEFENDANT:  (No response.)
22     THE COURT:  Let me back up first then, Mr. Byrd,
23 and I'll go through it step-by-step.  You are stipulating
24 under the terms of this plea agreement, or agreeing with the
25 United States under the terms of this plea agreement, that

1   the substance involved in the offense charged in Object One

2   of Count One of this indictment is 5 kilograms or more of a

3   mixture and substance containing a detectable amount of

4   cocaine base, or crack.  Do you understand that part so far?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Now, that stipulation that you have

7   entered into is a stipulation.  I'm going to go backwards.

8   By entering into this stipulation, then at the time of

9   sentencing I would not permit you or your attorney to argue

10  or present evidence that the substance involved in Object

11  One of Count One of the indictment is anything other than

12  cocaine base, or crack, or is a quantity less than

13  5 kilograms.  Do you understand that?

14             THE DEFENDANT:  (Nodding.)

15             THE COURT:  Now, under the terms of that

16  stipulation, that stipulation affects the statutory

17  penalties that will apply in this case.  In other words, by

18  stipulating to 5 kilograms or more of a mixture and

19  substance containing a detectable amount of cocaine base, or

20  crack, the statutory penalties that will apply in this case

21  include a sentence of not less than -- or include a sentence

22  of not less than 10 years, that is, a mandatory minimum

23  sentence of 10 years, or more than life in prison.  Do you

24  understand the effect of that stipulation on the statutory

25  penalties?  Do you understand what I'm saying?

US v. Byrd - Change of Plea - June 1, 2012

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  The second thing that that stipulation

3   will affect is the guideline calculation.  The type and

4   quantity of substance involved in the offense of conviction

5   is a substantial factor in calculating the advisory

6   guideline range.  Do you understand that part so far?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And, third, in determining a sentence,

9   I am required to consider both the advisory guideline

10  calculation as well as the factors set forth under 18 USC

11  Section 3553.  One of those factors set forth under that

12  statute is the nature and circumstances of the offense.  So

13  under that statute, your stipulation as to the type and

14  quantity of substance involved in the offense can be a

15  factor that I may use -- I'm not saying I will, but may --

16  use to determine a sentence that is sufficient but not

17  greater than necessary.  Do you understand that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you have any questions about the

20  stipulation you've entered into or its -- the effect of that

21  stipulation on your case?

22         THE DEFENDANT:  No, sir.

23         THE COURT:  Now, second, Mr. Byrd, you are

24  agreeing to waive your right to appeal; that is, in exchange

25  for the Government not filing an enhancement to the sentence

US v. Byrd - Change of Plea - June 1, 2012

**-32-**

1   that could be imposed, particularly in terms of a mandatory

2   minimum sentence, you are agreeing to waive your right to

3   appeal the conviction and sentence on any ground, and you

4   are also agreeing to waive your right to challenge the

5   conviction and sentence in any post conviction proceeding.

6          Do you understand your waiver of your right to

7   appeal as well as your waiver of your right to challenge the

8   conviction and sentence in any post conviction proceeding?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Now, you have reserved the right to

11  challenge the conviction and sentence in an appeal or in any

12  post conviction proceeding on four grounds only, and that

13  is:  Ineffective assistance of counsel; second,

14  prosecutorial misconduct not known to you at the time of

15  your guilty plea, which is today; third, a sentence in

16  excess of the statutory maximum; and, four, a sentence based

17  on an unconstitutional factor, such as race, religion,

18  national origin, or gender.

19         Do you understand your reservation of those rights

20  under the terms of your agreement, to waive your right to

21  appeal, and to challenge the conviction and sentence in any

22  post conviction proceeding?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Finally, Mr. Byrd, the United States

25  has agreed under the terms of this plea agreement to make a

US v. Byrd - Change of Plea - June 1, 2012

**-33-**

1   recommendation to the Court at the time of sentencing of a

2   reduction in your offense level pursuant to Section 3E1.1(b)

3   of the sentencing guidelines if you otherwise qualify for

4   that reduction.  However, that is only a recommendation, and

5   it is not binding on this Court.  Do you understand that I

6   can refuse to follow the Government's recommendation in this

7   case?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And do you understand that this Court

10  can impose a sentence that is more severe than you may

11  anticipate based on that recommendation?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  And do you understand that if I should

14  choose not to follow the Government's recommendation, that

15  fact alone is not a reason I would allow you to withdraw

16  this guilty plea?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Has anyone made any threats or

19  promises to you other than those contained in the plea

20  agreement in an effort to get you to plead guilty?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  And has anyone in any way attempted to

23  force you to plead guilty against your wishes?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Now, in this case, Mr. Byrd, you are

1    pleading guilty to a felony offense.  If your plea of guilty
2    is accepted by this Court, you will be adjudicated guilty of
3    that offense, and, as a result, you will lose certain
4    valuable civil rights, including the right to vote, the
5    right to serve on a jury, the right to possess any -- the
6    right to hold public office, and the right to possess any
7    type of firearm.  Do you understand these consequences of
8    your guilty plea?
9              THE DEFENDANT:  Yes, sir.
10             THE COURT:  Now, in this case before I accept your
11    plea of guilty, Mr. Byrd, there are certain penalties that
12    apply by statute that I am required to advise you of.  In
13    this case with respect to Object One of Count One of the
14    indictment, based on the stipulation that you have entered
15    into, that is, 5 kilograms or more of a mixture or substance
16    containing a detectable amount of cocaine base or crack, the
17    penalties that apply by statute include all of the
18    following:
19             A mandatory minimum sentence of 10 years, and a
20    maximum sentence of life imprisonment.
21             A fine of not more than $4 million or twice the
22    gross gain or loss resulting from the offense, whichever is
23    greater.
24             A period of supervised release of not less than
25    five years.

US v. Byrd - Change of Plea - June 1, 2012

**-35-**

1              A special assessment of $100 is mandatory.

2              Restitution and forfeiture may be ordered if

3    applicable.

4              And I cannot place you on probation or suspend

5    that sentence.

6              Do you understand those statutory penalties that

7    apply upon conviction as to Count One -- Object One of

8    Count One?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Now, with respect to Count Five, which

11   charges a violation of 18 USC Section 924(c), the applicable

12   penalties that apply by statute include all of the

13   following:

14             A mandatory minimum term of imprisonment of five

15   years up to a maximum of life in prison.

16             A fine of not more than $250,000 or twice the

17   gross gain or loss resulting from the offense, whichever is

18   greater.

19             A period of supervised release of not more than

20   five years.

21             A special assessment of $100 is mandatory.

22             Restitution and forfeiture may also be ordered.

23             And the sentence imposed as to Count Five must be

24   imposed to run consecutively to any other sentence imposed

25   in the case.

US v. Byrd - Change of Plea - June 1, 2012

**-36-**

1           Do you understand those statutory penalties that

2    apply as to Count Five?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Now, in advising you of these

5    statutory penalties, I mentioned supervised release.

6    Supervised release means that following any term of

7    imprisonment you'll be placed on a period of supervision by

8    this Court.  During that time, if you violate any of the

9    conditions of that supervised release, you may be given

10   additional time in prison up to the full term of supervised

11   release imposed.  The Court could also impose an additional

12   term of imprisonment and then reimpose supervised release in

13   response to a violation.

14          Do you understand supervised release?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand all of the possible

17   penalties and consequences of this plea of guilty?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Now, up to this point, Mr. Byrd, I've

20   advised you of the statutory penalties that could be imposed

21   in your case.  Ultimately, it will be up to this Court to

22   determine a sentence which is sufficient but not greater

23   than necessary.  The process of determining that sentence

24   starts by calculating an advisory sentencing guideline range

25   based on sentencing guidelines created by the sentencing

1    commission.  I cannot determine the sentencing guideline

2    range applicable for your case until after a presentence

3    report has been prepared.  That report will contain a

4    guideline calculation.  Once that report is prepared, both

5    you and the United States will have the opportunity to

6    review that report and challenge the facts or the

7    application of any guidelines as recommended by the

8    Probation Office in that report.

9         Do you generally understand the process I've just

10   described?

11        THE DEFENDANT:  Yes, sir.

12        THE COURT:  Now, Ms. Stewart may have discussed

13   the guidelines with you, and she may have given you some

14   estimate of what she thinks your sentencing guideline range

15   might be or what your sentence might be.  However, no one

16   knows what that guideline range will be until after the

17   Probation Office has calculated that guideline range in the

18   presentence report, and I've had the opportunity to consider

19   that calculation as well as any objections you or the United

20   States might have.

21        As a result, do you understand that your guideline

22   range and your sentence may be different from any estimate

23   Ms. Stewart may have provided to you?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  And do you understand that this Court

US v. Byrd - Change of Plea - June 1, 2012

**-38-**

1   can use a guideline range or impose a sentence that is more

2   severe than any estimated to you by your attorney?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Now, once your guideline range has

5   been determined, it is an advisory sentencing guideline

6   range.  To determine a sentence, I am required to consider

7   that advisory sentencing guideline range, any applicable

8   departures to that range, and then all other factors set

9   forth under 18 USC Section 3553.

10           Do you generally understand the process of

11  determining a sentence?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Now, as a result of that process, do

14  you also understand that this Court has the authority to

15  impose a sentence that is more severe than that called for

16  by the applicable sentencing guideline range?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  And do you understand that if your

19  sentence is more severe than that called for by the

20  guidelines, that fact alone is not a reason I would allow

21  you to withdraw this guilty plea?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Do you understand, Mr. Byrd, that

24  parole has been abolished, and if you're sentenced to

25  prison, you will not be released on parole?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  In this case, Mr. Byrd, because you've

3  been charged with a felony, you have certain constitutional

4  rights, and by pleading guilty you will waive many of these

5  constitutional rights.

6           You have the right to plead not guilty to any or

7  all charges.

8           You have the right to a trial by jury, which means

9  you have the right to have your guilt or innocence

10  determined by a jury.

11          At any trial, you are presumed innocent.  The

12  United States is required to prove your guilt of the crime

13  charged beyond a reasonable doubt, which means the United

14  States is required to prove each and every element of the

15  crime charged beyond a reasonable doubt before you can be

16  found guilty.

17          You have the right to the assistance of counsel at

18  all stages of this proceeding -- at all stages of this

19  proceeding, including a trial; and if you cannot afford an

20  attorney, one will be appointed for you.

21          You have the right to see and hear all of the

22  witnesses called to testify.  You have the right to confront

23  those witnesses, and you or your attorney has the right to

24  cross-examine each of those witnesses.

25               You have the right to issue subpoenas and to

1  compel the attendance of witnesses to testify in your

2  defense.  If you cannot afford the cost of those subpoenas,

3  the Government can be required to pay those costs for you.

4        You have the right to testify in your own defense

5  if you choose to, but no one can force you to testify; that

6  is, you have the right to refuse to testify.  If you choose

7  not to testify, your refusal to testify cannot be used

8  against you in any way.

9        You have the right to present evidence, but you're

10 not required to present any evidence at all.  If you choose

11 not to present any evidence at all, that fact cannot be used

12 against you.

13       Do you understand each of these rights?

14       THE DEFENDANT:  Yes, sir.

15       THE COURT:  And do you further understand that by

16 entering this plea of guilty, once your plea is accepted by

17 this Court, there will be no trial, and you will have waived

18 your right to a trial as well as these other rights

19 associated with a trial?

20       THE DEFENDANT:  Yes, sir.

21       THE COURT:  Now, in this case, Mr. Byrd, as I

22 mentioned earlier, you have been charged with and are

23 seeking to enter a plea of guilty to Object One of Count One

24 and to Count Five.  The elements of the offense charged in

25 Object One of Count One of the indictment, which charges a

1   violation of 21 USC Section 846, include all of the

2   following:

3           One, there was an agreement between two or more

4   persons that would undertake conduct that would constitute

5   the offense charged in the indictment; that is, with respect

6   to Object One, to knowingly and intentionally distribute a

7   mixture and substance containing a detectable amount of

8   cocaine base, crack, a controlled substance as charged in

9   the indictment.

10          And, two, that you knew of that conspiracy.

11          And, three, that you knowingly and voluntarily

12  became a member of that conspiracy.

13          Do you understand the elements of the offense

14  charged in Object One of Count One?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Now, with respect to Count Five, which

17  charges a violation of 18 USC Section 924(c)(1), the

18  elements of that offense include all of the following:

19          One, that you committed a drug trafficking crime

20  as alleged in the indictment.

21          And, two, during and in relation to the commission

22  of that crime, or in furtherance of that crime, you

23  knowingly possessed a firearm as charged in the indictment.

24          Do you understand the elements of the offense

25  charged in Count Five?

US v. Byrd - Change of Plea - June 1, 2012

**-42-**

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  And do you further understand that by

3    pleading guilty to these two offenses, you are admitting to

4    the elements of the offenses as those facts are set out in

5    the indictment?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Do you have any questions about

8    anything we've been over before I call upon you to enter

9    your plea in this case?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Then in Case No. 1:11CR203-1, United

12   States of America versus Thomas Marshall Byrd, how do you

13   plead to the offense charged in Object One of Count One of

14   the indictment?

15          THE DEFENDANT:  Guilty.

16          THE COURT:  And how do you plead to the offense

17   charged in Count Five of the indictment?

18          THE DEFENDANT:  Guilty.

19          THE COURT:  And are you pleading guilty because

20   you are, in fact, guilty?

21          THE DEFENDANT:  Yeah.

22          THE COURT:  I'm sorry, did you say yes?

23          THE DEFENDANT:  Yes.

24          THE COURT:  It is the finding of this Court in

25   Case No. 1:11CR203-1 that Mr. Byrd is fully competent and

1  capable of entering an informed plea.  The Court further

2  finds that Mr. Byrd is aware of the nature of the charges

3  and the consequences of his plea, and his plea of guilty is

4  a knowing and voluntary plea.

5          Ms. Stewart, a written factual basis has been

6  filed in Mr. Byrd's case.  Have you received a copy of that

7  and reviewed it with him?

8          MS. STEWART:  Yes, Your Honor.

9          THE COURT:  Are there any objections?

10          MS. STEWART:  No, Your Honor.

11          THE COURT:  Mr. Byrd, do you agree with that?

12  First of all, have you reviewed the factual basis?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And do you generally agree with those

15  facts?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Then it is the finding of this Court

18  Mr. Byrd's plea of guilty is supported by an independent

19  basis in fact containing each of the essential elements of

20  the offense.  His plea is, therefore, accepted, and Mr. Byrd

21  is now adjudged guilty of the offense charged in Object One

22  of Count One and Count Five.

23          Mr. Byrd, as I mentioned earlier, a written

24  presentence report will be prepared in your case.  You will

25  be asked to provide information for that report and to

US v. Byrd - Change of Plea - June 1, 2012

**-44-**

23

1    submit to an interview.  Ms. Stewart may be present with you

2    and advise you at all stages of that process if you so

3    desire.

4            Once that report is prepared, you will have the

5    opportunity to review that report with Ms. Stewart and file

6    any objections that you might have.  If those objections are

7    not resolved prior to sentencing, I will resolve those

8    objections at the sentencing hearing.

9            Both you and Ms. Stewart will have the opportunity

10   to speak on your behalf at the sentencing hearing.

11           I'll order the preparation of a presentence

12   report, and sentencing is set for Tuesday, September 11,

13   2012, at 2:00 p.m. in Greensboro, Courtroom 1.

14           Ms. Stewart, is there anything further on behalf

15   of Mr. Byrd?

16           MS. STEWART:  No, Your Honor.

17           THE COURT:  All right.  Thank you both.

18           DEFENSE ATTY:  Thank you, Your Honor.

19               (At 10:04 a.m., proceedings concluded.)

20

21

22

23

24

25

US v. Byrd - Change of Plea - June 1, 2012

**-45-**

1                          * * * * *

2                     C E R T I F I C A T E

3

4       I, JOSEPH B. ARMSTRONG, RMR, FCRR, United States

5  District Court Reporter for the Middle District of North

6  Carolina, DO HEREBY CERTIFY:

7        That the foregoing is a true and correct transcript of

8  the proceedings had in the within-entitled action; that I

9  reported the same in stenotype to the best of my ability;

10  and thereafter reduced same to typewriting through the use

11  of Computer-Aided Transcription.

12

13

14                              _____

15  Date:   01/02/13            Joseph B. Armstrong, RMR, FCRR
                                United States Court Reporter
16                              324 W. Market Street
                                Greensboro, NC  27401
17

18

19

20

21

22

23

24

25

US v. Byrd - Change of Plea - June 1, 2012

**-46-**

1           IN THE UNITED STATES DISTRICT COURT

2             MIDDLE DISTRICT OF NORTH CAROLINA

3

4   UNITED STATES OF AMERICA    )
                                )   Case No. 1:11CR203-1
5        vs.                    )
                                )   Greensboro, North Carolina
6   THOMAS MARSHALL BYRD,       )
                                )   September 11, 2012
7        Defendant.             )
    _____)   2:00 p.m.

8

9                  TRANSCRIPT OF SENTENCE

10        BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.

11              UNITED STATES DISTRICT JUDGE

12

13  APPEARANCES:

14  For the Government:   RANDALL GALYON, AUSA
                          Office of the U.S. Attorney
                          251 N. Main Street, Suite 726
15                        Winston-Salem, North Carolina 27101

16

17  For the Defendant:   TERESA DAWN STEWART, ESQUIRE
                         Law Office of Teresa Stewart
18                       868 W. Fourth St.
                         Winston-Salem, NC 27101
19

20
    Court Reporter:      Joseph B. Armstrong, RMR, FCRR
21                       W. Market, Room 101
                         Greensboro, NC  27401
22

23

24        Proceedings reported by stenotype reporter.
         Transcript produced by Computer-Aided Transcription.
25

2

```
 1              Greensboro, North Carolina
 2              September 11, 2012
 3              (At 2:00 p.m., proceedings commenced.)
 4              THE COURT:  Good afternoon, Mr. Galyon.
 5              MR. GALYON:  Good afternoon, Your Honor.
 6              THE COURT:  You may proceed.
 7              MR. GALYON:  The first matter for the Court this
 8  afternoon is going to be United States of America versus
 9  Thomas Marshall Byrd.  It's 1:11CR203-1.  Your Honor, he's
10  represented by Teresa Stewart.  The matter is on for
11  imposition of sentence.
12              THE COURT:  All right.  Somebody needs to explain
13  to me what's going on with drug quantity in this case.
14              MS. STEWART:  Your Honor, if I may, we would make
15  a motion to withdraw the objection that was filed and the
16  motion for leave to file objections.  In speaking to
17  Mr. Byrd, we would ask to withdraw that at this point, and
18  we're ready to proceed with sentencing.
19              THE COURT:  As to what quantity?
20              MS. STEWART:  At the 280, Your Honor.
21              THE COURT:  Mr. Galyon -- so everybody is in
22  agreement that instead of 5 kilos it's 280?
23              MR. GALYON:  Yes, Your Honor.
24              THE COURT:  Let me see counsel up here at the
25  bench.
```

US v. Byrd - Sentence - September 11, 2012

**-48-**

1          (Bench conference as follows:)

2          THE COURT:  I don't want to ask this in front of

3    the client, but how did this happen, 5 kilos to 280?

4          MR. GALYON:  I think the issue was that it was 5

5    kilos -- it should've been the 280 to trigger the 10-year on

6    the crack cocaine, and it was 5 kilos related to cocaine

7    hydrochloride, but it still had the cocaine base.  I think

8    that's where that came into play, so it was -- all along it

9    was charged as a (b)(1)(A) offense.

10          THE COURT:  It's a big typo, though, and it's one

11    I go through with the defendant individually on, and that

12    really should have been caught at some point.

13          MR. GALYON:  True.

14          THE COURT:  And I think we're revising it in favor

15    of the defendant, so --

16          MR. GALYON:  Right.

17          THE COURT:  -- I'm not going to require that it be

18    in writing, but I am going to go back because I understand

19    typos, but this -- that's a big one.

20          MR. GALYON:  Sure.

21          MS. STEWART:  I understand, Your Honor.

22          THE COURT:  All right.  Well, I'll go through it

23    again.

24          MS. STEWART:  Thank you, Your Honor.

25          (Bench conference concluded.)

1          THE COURT:  All right.  So the objection is

2  withdrawn then.  Have you reviewed the presentence report

3  with Mr. Byrd?

4          MS. STEWART:  Yes, Your Honor.

5          THE COURT:  And are there any objections --

6  remaining objections?

7          MS. STEWART:  No, Your Honor.

8          THE COURT:  Mr. Byrd, let me ask you.  First of

9  all, have you reviewed the presentence report with

10  Ms. Stewart?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And do you generally agree with the

13  report?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  All right.  Now, Mr. Byrd, let me --

16  things have changed a little bit.  I want to go back and ask

17  you a couple of questions about this revised stipulation as

18  it exists.  Ms. Stewart, if you'll grab a Bible there.

19          MS. STEWART:  Yes, Your Honor.

20          THE COURT:  And, Mr. Byrd, I'm going to ask that

21  Ms. Solomon place you under oath at this time.

22          (Defendant sworn by the clerk.)

23          THE COURT:  Mr. Byrd, you're now under oath, and

24  because you're under oath, if you answer any of my questions

25  falsely, your answers may later be used against you in a

```
1   subsequent prosecution for perjury or making a false

2   statement.  Do you understand that?

3             THE DEFENDANT:  Yes.

4             THE COURT:  Would you state your full name,

5   please.

6             THE DEFENDANT:  Thomas Marshall Byrd.

7             THE COURT:  And have you been treated recently for

8   any mental illness or addiction to narcotic drugs?

9             THE DEFENDANT:  No, sir.

10            THE COURT:  Are you currently under the influence

11  of any drug, medication, or alcoholic beverage of any kind?

12            THE DEFENDANT:  No, sir.

13            THE COURT:  And are you able to hear me and

14  understand this proceeding today?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  Mr. Byrd, you may recall at the time I

17  originally took your plea agreement in the Rule 11 hearing

18  held in this court, I placed you under oath and asked you a

19  series of questions.  At that time your plea -- we discussed

20  the fact that your plea agreement contained a provision in

21  which you stipulated to a relevant drug quantity of

22  5 kilograms or more of a mixture and substance containing a

23  detectable amount of cocaine base, or crack.  Do you

24  remember that?

25            THE DEFENDANT:  Yeah.
```

1          THE COURT:  All right.  Now, I've been since

2    informed that that quantity was a mistake in quantity, and

3    the actual quantity of crack cocaine that the Government

4    would have requested that you stipulate to and is now --

5    both the Government and your lawyer have advised me that

6    you're stipulating to is a quantity of 280 grams or more of

7    a mixture and substance containing a detectable amount of

8    cocaine base, or crack, that is, a lower quantity.  Instead

9    of 5 kilograms, its 280 kilograms [sic].  Do you understand

10   that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  That is a revision to your plea

13   agreement.  Now, it's a revision to your plea agreement very

14   much in your favor because it lowers that quantity

15   substantially.  Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And if I accept this revised quantity,

18   that is, the 280 grams of a mixture and substance containing

19   a detectable amount of crack -- cocaine base, or crack, then

20   in that case I will apply the same rules that I advised you

21   of earlier.  If I accept this stipulation, then I will not

22   permit you or your attorney to argue that the substance

23   involved in the offense charged in this case is anything

24   other than crack -- or I should say with respect to that one

25   prong of the offense is anything other than crack or that

1  it's a substance less than 280 grams of cocaine base, or

2  crack.  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you want me to accept the

5  modification to your plea agreement with this revised

6  stipulation?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  Then I will find -- yeah,

9  it's certainly in Mr. Byrd's favor, substantially in his

10  favor, to amend his plea agreement in that fashion.  But I

11  will find that Mr. Byrd's stipulation is knowingly and

12  voluntarily entered into, particularly considered in light

13  of the original stipulation and the favorable nature of the

14  revision, so I will accept that stipulation.

15          Let's see.  I've forgotten where I was.  I think,

16  Mr. Byrd, you indicated you had reviewed the presentence

17  report with Ms. Stewart?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  You generally agree with the report

20  now?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  You may have a seat now,

23  Mr. Byrd.  Then I will adopt the presentence investigation

24  report without change.  In Mr. Byrd's case, both Count One

25  and Count Five carry mandatory minimum terms of

1    imprisonment.  The resulting advisory guideline calculation

2    is as follows:

3               A total offense level of 34.

4               A criminal history category of six.

5               A guideline imprisonment range of 322 to 387

6    months.  That's by operation of the two offenses together.

7               A supervised release range of five years to life

8    as to Count One and two years to five years as to

9    Count Five.

10              A fine range of $17,500 to $10 million.

11              And a special assessment of $100 is mandatory.

12              Ms. Stewart, will there be any additional evidence

13   on behalf of Mr. Byrd in this case?

14              MS. STEWART:  No additional evidence, Your Honor.

15              THE COURT:  Then I will hear from you at this

16   time.  Have a seat for just a minute.  Let me catch up.

17   Since the stipulation has been withdrawn, I need to amend a

18   couple of things.  I mean amended.

19              (Short pause.)

20              THE COURT:  All right.  Ms. Stewart, I will hear

21   from you at this time as to what constitutes a sentence that

22   is sufficient but not greater than necessary taking into

23   consideration the advisory guideline calculation as well as

24   all other factors set forth under 18 USC Section 3553.

25              MS. STEWART:  Thank you, Your Honor.  What we're

US v. Byrd - Sentence - September 11, 2012

**-54-**

1  requesting the Court to consider is a sentence in the low

2  end of the recommended -- or the guidelines and recommended

3  range as it's stated in the presentencing investigation.

4  We'll tell the Court that that does seem to meet all of the

5  requirements.

6         In speaking to Mr. Byrd, in addition to what is

7  listed already in the report before the Court, is that

8  Mr. Byrd does have two children.  Although that's listed,

9  just to elaborate a little bit on that, his biggest concern

10  when he was discussing things with me is twofold.  One, the

11  gun; and, two, his children.

12         As to the gun, just briefly, Your Honor, although

13  it is attributed to him and he does take full

14  responsibility, initially that gun does belong to someone

15  else.  However, he does accept responsibility, and he does

16  understand that due to statements that are attributed to

17  him, and he just wanted to make the Court aware of that

18  briefly.

19         As to the concerns for his family, he's asking the

20  Court to consider that he did try to find gainful employment

21  and while he is in custody will avail himself of every

22  possible program both to get an education -- as you see, he

23  only had through the 8th grade -- and in addition to try to

24  get employment so that when he is released out of this time

25  frame, he can come out with something behind him that can

US v. Byrd - Sentence - September 11, 2012

-55-

```
 1  help him in the future.
 2          And he's concerned that when he gets out, his
 3  children will both be adults.  That weighs heavily on him,
 4  Your Honor, and he's never had that long of a sentence
 5  before.  He's never had anything that really took him away
 6  from his children, and his concern is what's going to happen
 7  to them, and that in a long way goes towards rehabilitation
 8  for him because that's something for him to keep in his mind
 9  from here on out.  It's not just what the court system can
10  do to him, it's what he thinks about everyday as to what
11  he's done with his family being taken away from him.
12          Your Honor, I would ask the Court to hear from
13  Mr. Byrd.  He did have some concerns that he wanted to raise
14  to the Court.  But before that, I would once again ask for
15  the low end, and we're asking the Court to consider
16  recommending any programs that are available for him in
17  custody both through drug, behavioral, and educational.
18          Also he's asking if he could be recommended to be
19  sentenced as close to Forsyth County, North Carolina, as
20  possible as that's where the majority of his family lives.
21  It's where his sisters are, it's where his children are
22  located, and his mother who he did not have a close
23  relationship with, but he's working on that now.  That's
24  also where she's located, Your Honor.
25          THE COURT:  All right.  Thank you, Ms. Stewart.
```

1  Mr. Byrd, let me hear from Mr. Galyon, and then I'll hear

2  from you.  Mr. Galyon, anything?

3          MR. GALYON:  Your Honor, just agree with the low

4  end sentence.

5          THE COURT:  All right.  Mr. Byrd, let me say

6  you're represented by counsel, so you're not required to say

7  anything.  If you choose to remain silent, your silence will

8  not be held against you in any way whatsoever, but you do

9  have the right to address the Court before any sentence is

10  imposed; and if you wish to address the Court, now is the

11  appropriate time.

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.

14          THE DEFENDANT:  I just want to say I'm sorry for

15  my actions, and I take full responsibility for my actions.

16  And I just want a second chance in life and a second chance

17  to raise my son, so he won't make the same mistake I made.

18  That's all.

19          THE COURT:  All right.  Well, in Mr. Byrd's case,

20  this is a -- obviously a substantial sentence driven

21  primarily by Mr. Byrd's status as a career offender in this

22  case.  After taking into consideration the advisory

23  guideline calculation as well as all other factors set forth

24  under 18 USC Section 3553, I find that a sentence at the low

25  end of the guidelines, that is, 262 months as to Count One

US v. Byrd - Sentence - September 11, 2012

-57-

```
 1   and 60 months as to Count Five, particularly taking into
 2   consideration those sentences will run consecutively to each
 3   other, is sufficient but not greater than necessary in
 4   Mr. Byrd's case.
 5          Looking at the nature and circumstances of the
 6   offense, certainly those factors are serious in that it does
 7   appear that Mr. Byrd was both cooking and selling -- cooking
 8   and selling crack as well as powder and armed at the time as
 9   well.  I do not see verifiable employment.
10          And in looking at Mr. Byrd's history, we see a
11   substantial and repeated history of the sale of cocaine --
12   or sale of controlled substances and prosecution for those
13   offenses.  Those prior sentences, although substantially
14   shorter than this sentence, were simply insufficient to
15   deter Mr. Byrd from further criminal conduct, and,
16   therefore, the need to protect the public and to afford
17   adequate deterrence is substantial, but a sentence at the
18   low end of the guideline range is sufficient.
19          So I will impose that sentence, Ms. Stewart.  The
20   supervised release will be on the terms and conditions set
21   forth in the presentence report.  Is there anything further
22   you wish to address before I impose that sentence?
23          MS. STEWART:  Not regarding sentence, Your Honor.
24          THE COURT:  All right.  Then in
25   Case No. 1:11CR203-1, United States of America versus Thomas
```

1    Marshall Byrd, as to Count One, it is hereby ordered that

2    the defendant is committed to the custody of the Bureau of

3    Prisons for a period -- for a term of 262 months followed by

4    five years of supervised release.  A special assessment of

5    $100 is mandatory, is hereby imposed, and is due and payable

6    immediately.  A fine is waived because of the defendant's

7    inability to pay, and restitution is not imposed in

8    Mr. Byrd's case.

9         I do recommend to the Bureau of Prisons that the

10   defendant be designated to a facility as close to his home

11   as possible; to a facility where he may participate in an

12   intensive substance abuse treatment program; in the inmate

13   financial responsibility program; and finally that the

14   defendant be designated to a facility where he may

15   participate in such educational opportunities as may be

16   reasonably available through the Bureau of Prisons.

17        As to Count Five, the defendant is committed to

18   the custody of the Bureau of Prisons for a term of 60

19   months.  That sentence is imposed to run consecutively to

20   the sentence imposed as to Count One followed by five years

21   of supervised release which shall run concurrently.  A $100

22   special assessment is mandatory, is hereby imposed, and is

23   due and payable immediately as to Count Five for a total of

24   $200 in special assessments.

25        During the period of supervised release, it is

1  ordered that the defendant shall comply with the standard

2  terms and conditions of supervised release.  In addition to

3  the standard terms and conditions, the following special

4  conditions are imposed:

5       One, the defendant shall provide any requested

6  financial information to the probation officer.

7       Two, the defendant shall submit his person,

8  residence, office, vehicle, or any property under his

9  control to a warrantless search.  Such a search shall be

10  conducted by a United States Probation officer at a

11  reasonable time and in a reasonable manner based upon

12  reasonable suspicion of contraband or evidence of a

13  violation of a condition of release.  Failure to submit to

14  such a search may be grounds for revocation.  The defendant

15  shall warn any residents that his premises may be subject to

16  such searches.

17       Three, the defendant shall submit to substance

18  abuse testing at any time as directed by the probation

19  officer.  The defendant shall cooperatively participate in a

20  substance abuse treatment program which may include drug

21  testing and inpatient or residential treatment and pay for

22  those treatment services as directed by the probation

23  officer.  During the course of any treatment, the defendant

24  shall abstain from the use of any alcoholic beverages.

25       Mr. Byrd, you do have the right to appeal the

 1  sentence that I have imposed in this case.  If you choose to

 2  appeal, notice of appeal must be filed within 14 days of

 3  entry of judgment.  If you wish to appeal and cannot afford

 4  the services of counsel, counsel will be appointed to

 5  represent you.  Ms. Stewart will be responsible for advising

 6  you with respect to your right to appeal and filing a notice

 7  of appeal if you instruct her to do so.

 8          Anything further, Ms. Stewart?

 9          MS. STEWART:  Your Honor, a motion to dismiss as

10  to the remaining Counts Three, Four, Six, and Count Two,

11  Object Two.

12          THE COURT:  I will order the dismissal of any

13  remaining counts pursuant to the terms of the plea agreement

14  in Mr. Byrd's case.

15          Let me revise that, Mr. Byrd.  You do have an

16  appeal waiver in your case which limits to a substantial

17  degree the issues that you have reserved the right to

18  appeal, but Ms. Stewart will go over that with you at the

19  appropriate time.

20          Anything further, Mr. Galyon?

21          MR. GALYON:  Your Honor, just ask for a

22  destruction order related to the firearms and also the drugs

23  in the case.

24          THE COURT:  I'll order any controlled substances

25  seized at the conclusion of any applicable -- destroyed at

US v. Byrd - Sentence - September 11, 2012

**-61-**

1  the conclusion of any applicable appeals period.  The

2  firearms seized are to be returned to a lawful, rightful

3  owner if one can be located; and, if not, they are to be

4  destroyed at the conclusion of the appeals period.

5          MS. STEWART:  Thank you, Your Honor.

6          THE COURT:  Good luck to you, Mr. Byrd.

7              (At 2:19 p.m., proceedings concluded.)

US v. Byrd - Sentence - September 11, 2012

**-62-**

```
 1                      * * * * *

 2                 C E R T I F I C A T E

 3

 4       I, JOSEPH B. ARMSTRONG, RMR, FCRR, United States

 5   District Court Reporter for the Middle District of North

 6   Carolina, DO HEREBY CERTIFY:

 7        That the foregoing is a true and correct transcript of

 8   the proceedings had in the within-entitled action; that I

 9   reported the same in stenotype to the best of my ability;

10   and thereafter reduced same to typewriting through the use

11   of Computer-Aided Transcription.

12

13

14

15   Date:   01/02/13      Joseph B. Armstrong, RMR, FCRR
                           United States Court Reporter
16                         324 W. Market Street
                           Greensboro, NC  27401
17

18

19

20

21

22

23

24

25
```

US v. Byrd - Sentence - September 11, 2012

**-63-**

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

OCT 05 2012

BY _____ JLS _____

# United States District Court
## Middle District of North Carolina

FILED
OCT 0 5 2012
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By JLS

UNITED STATES OF AMERICA

v.

THOMAS MARSHALL BYRD

**JUDGMENT IN A CRIMINAL CASE**

Case Number:      1:11CR203-1

USM Number:    28397-057

Teresa Dawn Stewart
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s) 1 (object 1) and 5.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses**:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 | Conspiracy to Distribute Cocaine Base ("Crack") | April 1, 2010 | 1 (object 1) |
| 18:924(c)(1)(A)(i) | Possess Firearm in Furtherance of a Drug Trafficking Crime | April 1, 2010 | 5 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 1 (object 2), 3-4 and 6 are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

September 11, 2012
Date of Imposition of Judgment

_William L. Osteen, Jr._
Signature of Judge

William L. Osteen, Jr., United States District Judge
Name & Title of Judge

OCT 0 5 2012
Date

-64-

AO 245B (NCMD Rev. 09/11) Sheet 2 - Imprisonment

Page 2 of 6

---

DEFENDANT: THOMAS MARSHALL BYRD
CASE NUMBER: 1:11CR203-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **322 months.**

[262 months as to Count 1 and 60 months as to Count 5 to run consecutively to the sentence imposed as to Count 1]

☒ The court makes the following recommendations to the Bureau of Prisons: the defendant be designated to a facility as close to his home as possible, to a facility where he may participate in an intensive substance abuse treatment program, participate in the Inmate Financial Responsibility Program, and finally that the defendant participate in such educational opportunities as may be reasonably available through the Bureau of Prisons.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

Case 1:11-cr-00203-WO   Document 41   Filed 10/05/12   Page 2 of 6

DEFENDANT:      THOMAS MARSHALL BYRD
CASE NUMBER:    1:11CR203-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

(Five (5) years as to Count 1 and five (5) years as to Count 5, which shall run concurrently]

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (NCMD Rev. 09/11) Sheet 3c - Supervised Release, Special Conditions

---

DEFENDANT:        THOMAS MARSHALL BYRD
CASE NUMBER:      1:11CR203-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide any requested financial information to the probation officer.

The defendant shall submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

| DEFENDANT: | THOMAS MARSHALL BYRD |
| CASE NUMBER: | 1:11CR203-1 |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | __Assessment__ | __Fine__ | __Restitution__ |
|---|---|---|---|
| **TOTALS** | $  200.00 | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| __Name of Payee__ | __Total Loss*__ | __Restitution Ordered__ | __Priority or Percentage__ |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ |
|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

     ☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

**\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.**

-68-

DEFENDANT:       THOMAS MARSHALL BYRD
CASE NUMBER:    1:11CR203-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒   Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or

    ☐ in accordance with ☐ C,  ☐ D,  ☐ E,  or ☐ F below; or

B  ☐   Payment to begin immediately (may be combined with ☐ C,  ☐ D, or ☐ F below); or

C  ☐   Payment in equal _____ (*e.g. weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (e.g.,
    months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐   Payment in equal _____ (*e.g. weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (e.g.,
    months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC   27402, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐  Joint and Several

    Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: any controlled substances seized shall be destroyed at the end of any applicable appeals period.  The firearms seized are to be returned to a rightful lawful owner if one can be located, and if not they are to be destroyed at the conclusion of the appeals period.


Payments shall be applied in the following order:  (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest,
(6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES MIDDLE DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:11CR203-1 |
| | : | |
| THOMAS MARSHALL BYRD, | : | |
| | : | |
| Defendant | : | |


### <u>NOTICE OF APPEAL</u>

NOW COMES the Defendant, THOMAS MARSHALL BYRD, by and through counsel,

Teresa D. Stewart, and hereby gives notice of appeal in the above-captioned case from the

Judgment entered in the Middle District of North Carolina on October 5, 2012.

This the 12th day of October, 2012.


/s/     Teresa Stewart_____
Teresa Stewart
Attorney for Defendant


**OF COUNSEL:**
**Law Offices of Teresa Stewart, P.C.**
1110 Brookstown Avenue
Winston Salem, NC 27101
TEL:   336-725-5510
FAX:   336-725-5542


**-70-**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an attorney at law licensed to practice in the State of North Carolina and the Middle District of North Carolina; is the attorney for the defendant; and is a person of such age and discretion as to be competent to serve process.

That on the 12th of October she served a copy of the attached **NOTICE OF APPEAL** by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail, first class at Winston Salem, North Carolina.


ADDRESSEE:            Randall Galyon
                      Assistant United States Attorney
                      P.O. Box 1858
                      Greensboro, NC 27402



                                      /s/      Teresa Stewart
                                      Teresa Stewart
                                      Attorney for Defendant

**OF COUNSEL:**
**Law Offices of Teresa Stewart, P.C.**
1110 Brookstown Avenue
Winston Salem, NC 27101
TEL:   336-725-5510
FAX:   336-725-5542


**-71-**